

# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 5, 1963

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin 14, Texas

Opinion No. C-139

Re: Authority of Highway
Commission to refuse
permits to place gas
pipelines on highway
right of ways.

Dear Mr. Greer:

In your letter request, you inquire if the Highway Commission has discretionary authority to grant or refuse applications to permit gas transportation pipelines along highway right of ways that are not intended to service the roadside development adjacent to the particular section of highway involved but are for the transportation of gas usually under considerable pressure to some other area where local service might be indicated.

Article 1436b, Vernons' Civil Statutes, reads as follows:

"Use of roads and streets in distribution of gas"

Section 1.  "Any person, firm or corporation or incorporated city or town engaged in the business of transporting or distributing gas for public consumption shall have the power to lay and maintain pipes, mains, conductors and other facilities used for conducting gas through, under, along, across and over all public highways, public roads, public streets and alleys, and public waters within this State; provided that within the corporate limits of an incorporated city or incorporated town such right shall be dependent upon the consent and subject to the governing body.  Any such person, firm or corporation

-685-

or incorporated city or town shall notify the State Highway Commission or the Commissioners' Court having jurisdiction, as the case may be, when it proposes to lay any such pipes, mains, conductors and other fixtures for conducting gas within the right of way of any State highway or county road outside the limits of an incorporated city or incorporated town, whereupon the Highway Commission or the Commissioners' Court, if it so desires, may designate the place upon the right of way where the same shall be laid. The public agency having jurisdiction or control of a highway or county road, that is, the Highway Commission or the Commissioners' Court, as the case may be, may require any such person, firm or corporation or incorporated city or town at its own expense to relocate its pipes, mains, conductors or other fixtures for conducting gas on a state highway or county road outside the limits of an incorporated city or incorporated town so as to permit the widening or changing of traffic lanes, by giving thirty (30) days written notice to such person, firm or corporation or incorporated city or town and specifying the facility or facilities to be moved and indicating the place on the new right of way where such facility or facilities may be placed. Such person, firm or corporation or incorporated city or town shall replace the grade and surface of such road or highway at its own expense."

"In arriving at legislative intent, it is of primary importance to ascertain the purpose for which the statute was enacted." City of Mason v. West Texas Utilities Co., 150 Tex. 18, 237 S.W.2d 273, (1951).

The purpose clause of Article 1436b as passed by the legislature, June 21, 1951, Acts 1951, 52nd Legislature, p. 829, Chapter 470 is as follows:

"An act to facilitate and encourage the distribution of gas to the inhabitants of cities, towns, villages and rural areas of the State of Texas by providing that any person, firm or corporation or any incorporated city or town engaging in the business of transporting or distributing gas for public consumption may lay and maintain pipes, mains, conductors and other facilities used for conducting gas through, under, along, across and over all public highways, public roads, public streets and alleys,. . ."

The purpose clause indicates and the act itself specifically provides that it is intended to apply to gas transporting companies as well as gas distributing companies who furnish gas for public consumption. The fact that they do not service the adjacent area is, in our opinion, immaterial as this does not prevent the gas from being ultimately used for public consumption.

The Statute does provide that the Highway Commission may, if it so desires, designate the place on the highway right of way where the pipeline may be placed and that it can require the party to relocate the pipeline so as to permit the widening or changing of traffic lanes. This is the only authority granted to the Highway Commission under the Act.

It follows that this office is of the opinion that a party in the business of transportation or distributing gas intended for public consumption is authorized under Article 1436b V.C.S. to lay and maintain pipelines along state highway right of ways after notifying the Highway Commission.

## SUMMARY

The Highway Commission has no authority to refuse permits to place gas pipelines along highway right of ways, but the Commission may designate the place upon the right of way where the same shall be laid and may require the relocation of the pipeline so as to permit the widening or changing of traffic lanes.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: WILLIAM E. OSBORN
Assistant Attorney General

APPROVED:
Opinion Committee
W. V. Geppert, Chairman
F. William Colburn
Grady Chandler
Gordan Zuber
William Hemphill

"APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone"